IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:19-cr-61 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| JOSE ANTONIO SANCHEZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the defendant,

JOSE ANTONIO SANCHEZ, JR., and defendant's attorney, enter into this Plea Agreement.

**A.    CHARGES**

1.    <u>Subject Offenses</u>.  Defendant will plead guilty to Count 1 of the Superseding

Indictment, that is, conspiracy to distribute at least 500 grams of a mixture and substance

containing cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B),

and 846, and Count 51 of the Superseding Indictment, that is, possession of a firearm in

furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section

924(c)(1)(A)(i).  Defendant also agrees to forfeiture of the property listed in the Superseding

Indictment.

2.    <u>Charges Being Dismissed</u>.  If the Court accepts this Plea Agreement, Counts 38,

50, and 52 of the Superseding Indictment will be dismissed at the time of sentencing.

3.    <u>No Further Prosecution</u>.  The Government agrees that defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.  This paragraph and this Plea Agreement do not apply to

(1) any criminal act occurring after the date of this agreement, (2) any crime of violence, and (3)

any criminal offense which defendant did not fully disclose to law enforcement during defendant's interviews pursuant to any proffer or other agreements with the United States.

**B.   MAXIMUM PENALTIES**

4.    <u>Maximum and Mandatory Minimum Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a mandatory minimum sentence of 5 years in prison and a maximum sentence of up to 40 years in prison; a maximum fine of $5,000,000; and a term of supervised release of at least 4 years and up to life.  Defendant understands that the crime to which Defendant is pleading guilty in Count 51 carries a mandatory minimum sentence of 5 years in prison and a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of up to 5 years.  A mandatory special assessment of $100 per count also must be imposed by the sentencing court.  Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e) or unless the Court finds that Defendant qualifies for safety valve under 18 U.S.C. § 3553(f).  No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

5.    <u>Mandatory Consecutive Sentence</u>.  Defendant understands that the Court must impose a sentence of at least five (5) years in prison as a result of Defendant's guilty plea to the offense charged under Count 51.  Defendant understands that this sentence will be ordered to be served consecutively to the sentence imposed as a result of Defendant's guilty plea to the offense charged under Count 1.  As a result, Defendant understands that the mandatory minimum punishment for pleas of guilty to Counts 1 and 51 of the Superseding Indictment is ten (10) years in prison.

6. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions. If defendant were to violate a condition of supervised release, defendant could be sentenced to prison for a term of up to 5 years without any credit for time previously served.

7. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

8. <u>Withholding/Dismissal of Section 851 Notice</u>. Defendant expressly acknowledges that the Government has agreed to dismiss the filing of an enhancement under Title 21, United States Code, Section 851 for one or more prior serious violent felony convictions, to wit: (1) a conviction for intimidation with a dangerous weapon and going armed with intent, Case No. FECR251140, in the Iowa District Court for Polk County, a serious violent felony, for which Defendant served more than 12 months of imprisonment, as a material condition of this Plea Agreement.

**C.   NATURE OF THE OFFENSE -- FACTUAL BASIS**

9. <u>Elements understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Conspiracy to distribute at least 500 grams of a mixture and substance containing cocaine)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) By at least as early as April 2018, until March 27, 2019, two or more persons reached an agreement or understanding to distribute cocaine;

3

(b) The defendant knowingly and voluntarily joined in the agreement or
understanding either at the time it was first reached or at some later time while
it was still in effect;

(c) At the time the defendant joined the agreement or understanding, defendant
knew the purpose of the agreement or understanding was to distribute cocaine;
and

(d) The agreement or understanding involved at least 500 grams of a mixture and
substance containing cocaine.

Defendant further understands that to prove the offense alleged under **Count 51**

**(possession of a firearm in furtherance of a drug trafficking crime)**, the Government would

be required to prove beyond a reasonable doubt the following elements:

(a) The defendant committed the crime of conspiracy to distribute cocaine as
charged in Count 1; and

(b) On or about March 27, 2019, the defendant knowingly possessed a firearm,
namely: a Taurus, Model 85, .38 SPL handgun, in furtherance of that crime.

10.    <u>Factual Basis.</u>  As a factual basis for his plea of guilty, defendant admits the

following:

(a) By at least March 12, 2019 until March 27, 2019, Defendant joined an
agreement or came to an understanding with co-defendant Daeron Johnson
Merrett, among others, to distribute cocaine in the Southern District of Iowa.

(b) Defendant knowingly and voluntarily joined in this agreement or
understanding, with the knowledge that the purpose of the agreement or
understanding was to distribute cocaine.

(c) The agreement or understanding involved 500 grams or more of a mixture and
substance containing cocaine.  Specifically:

(1) On March 12, 2019, Defendant requested that co-defendant Daeron
Johnson Merrett obtain a quantity of at least 22 grams of cocaine

4

from a source of supply on behalf of Defendant.  Defendant then acquired that cocaine from Merrett.  Defendant intended to distribute some or all of that cocaine to another.

(2) On March 27, Defendant possessed approximately 478 grams of cocaine at his residence in Des Moines.  Defendant intended to distribute some or all of that cocaine to another.

(d) Also on March 27, 2019, Defendant possessed: (1) a loaded, Taurus, Model 85, .38 SPL handgun, bearing serial number IP10198, and (2) $1,300 in U.S. currency, both at Defendant's residence in Des Moines.   Defendant possessed this firearm, at least in part, to protect himself, his drugs, and his drug money, in furtherance of his ongoing drug trafficking activity.

11.     Truthfulness of Factual Basis.  Defendant acknowledges that the above statements are true.  Defendant also understands that, during the change of plea hearing, the judge and the prosecutor may ask the defendant questions under oath about the offense to which defendant is pleading guilty, in the presence of defendant's attorney.  Defendant understands that defendant must answer these questions truthfully, and that defendant can be prosecuted for perjury if that defendant gives any false answers.

12.     Waiver of Rule 410 Rights.  The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

13.     Venue.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

14.   <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)  The nature of the offense(s) to which the Defendant is pleading guilty;

(b)  The quantity of drugs involved, with the parties stipulating as a recommendation to the District Court that Defendant be attributed at least 500 grams but less than 2 kilograms of cocaine;

(c)  Defendant's role in the offense;

(d)  Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(e)  the nature and extent of Defendant's criminal history (prior convictions); and

(f)  acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

15.   <u>Acceptance of Responsibility.</u>  The government agrees to recommend that defendant receive credit for acceptance of responsibility under USSG § 3E1.1.  The government reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw defendant's plea, or otherwise engages in conduct not consistent with

6

acceptance of responsibility.  If the base offense level is 16 or above, as determined by the Court, the government agrees that defendant should receive a 3-level reduction, based on timely notification to the government of defendant's intent to plead guilty.

16.     Presentence Report.  Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.  The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

17.     Disclosure of Presentence Investigation Reports.  The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges that he knows about and understands this order.

18.     Evidence at Sentencing.  The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.  Nothing in this Plea Agreement restricts the right of defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

19.     Sentence to be Decided by Judge -- No Promises.  This Plea Agreement is entered

pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.  Defendant

understands that the final sentence, including the application of the Sentencing Guidelines and

any upward or downward departures, is within the sole discretion of the sentencing judge, and

that the sentencing judge is not required to accept any factual or legal stipulations agreed to by

the parties.  Any estimate of the possible sentence to be imposed, by a defense attorney or the

Government, is only a prediction, and not a promise, and is not binding.  Therefore, it is

uncertain at this time what each Defendant's actual sentence will be.

20.     No Right to Withdraw Plea.  Defendant understands that Defendant will have no

right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing

Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to

follow the parties' recommendations.

**E.      FORFEITURE, FINES, AND COSTS**

21.     Forfeiture.  Defendant agrees to forfeiture of the property identified in the

Superseding Indictment, including the following:

> (a) $1,300 in U.S. currency seized from a residence in the 1500 block of 20th
>     Place, Des Moines, Iowa, on or about March 27, 2019; and

> (b) a loaded, Taurus, Model 85, .38 SPL handgun, bearing serial number
>     IP10198.

Defendant will execute any documents as directed by the Government to complete the forfeiture.

22.     Waivers Regarding Forfeiture.  Defendant waives all constitutional and statutory

challenges in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds.  Defendant further

agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive

8

Defendant notwithstanding the abatement of any underlying criminal conviction after execution

of this Plea Agreement.  The forfeitability of any particular property pursuant to this agreement

shall be determined as if Defendant had survived and that determination shall be binding upon

Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money

judgment amount, is collected in full.

      23.    <u>Consent to Judgment of Forfeiture</u>.  Defendant agrees to waive all interest in asset

subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether

criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture

for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant

understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

      24.    <u>Fines and Costs</u>.  Issues relating to fines and/or costs of incarceration are not dealt

with in this agreement, and the parties are free to espouse their respective positions at sentencing.

      25.    <u>Special Assessment</u>.  Defendant agrees to pay the mandatory special assessment

of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

**F.     LIMITED SCOPE OF AGREEMENT**

      26.    <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way,

the right or ability of the Government to investigate or prosecute defendant for crimes occurring

outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude

the Government from pursuing any civil or administrative matters against defendant, including,

but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the

facts upon which this investigation is based.

27.     <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited

to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any

other federal, state or local prosecuting, administrative, or regulatory authorities.

**G.     WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

28.     <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the

right to:

(a)     continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)     a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

(c)     the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

(d)     confront and cross-examine adverse witnesses;

(e)     present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

(f)     not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

(g)     if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

29.     <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and

expressly waives any and all rights to appeal Defendant's conviction in this case, including a

waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or

10

to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.  Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H.**     **VOLUNTARINESS OF PLEA -- OPPORTUNITY TO CONSULT WITH COUNSEL**

30.     Voluntariness of Plea.  Defendant represents that defendant's decision to plead guilty is defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defendant's attorney, and defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)     No one has threatened defendant or defendant's family to induce this guilty plea.

(d)     Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

31.     Consultation with Attorney.  Defendant has discussed this case and this plea with defendant's attorney and states that the following is true:

(a)     Defendant states that defendant is satisfied with the representation provided by defendant's attorney.

11

(b)     Defendant has no complaint about the time or attention defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)     Although defendant's attorney has given defendant advice on this guilty plea, the decision to plead guilty is defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of defendant's attorney, and with a full understanding of defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

32.    <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

33.    <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

34.    <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J.    SIGNATURES

35.    <u>Defendant</u>.  I have read all of this Plea Agreement and have discussed it with my attorney.  I fully understand the Plea Agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will.  No promises have been made to me other than the promises in this Plea Agreement.  I have not been threatened in any way to get me to enter into this Plea Agreement.  I am satisfied with the services of my attorney with regard to this Plea

12

Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

7-18-19
Date

_Jose Antonio Sanchez, Jr._

36.    Defendant's Attorney. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the Agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of defendant's own free will, with full knowledge of defendant's legal rights, and without any coercion or compulsion.

I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

7-18-19
Date

Angela Campbell
Attorney for Jose Antonio Sanchez, Jr.
Dickey & Campbell Law Firm, PLC
301 E. Walnut St., Suite 1
Des Moines, IA  50309
Tel: (515)  288-5008
angela@dickeycampbell.com

13

37.     <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.


Marc Krickbaum
United States Attorney


_7/22/19_                        By:   _____
Date                                   Mikaela J. Shotwell
                                       Adam J. Kerndt
                                       Assistant United States Attorneys
                                       U.S. Courthouse Annex
                                       110 East Court Avenue, Suite 286
                                       Des Moines, IA 50309
                                       Tel: (515) 473-9300
                                       Mikaela.Shotwell@usdoj.gov


14